# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **HOPE LEE-THOMAS** <br> 4412 Dubois Place, SE <br> Washington, D.C. 20019, <br><br> **Plaintiff,** <br><br> v. <br><br> **PROVIDENCE HOSPITAL** <br> 1150 Varnum Street, NE <br> Washington, D.C. 20017, <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Defendant Providence Hospital, by counsel, files this Notice of Removal to remove this case from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  Removal is proper for the following reasons:

1. On January 12, 2018, Plaintiff Hope Lee-Thomas filed this action *pro se* against Defendant in the Superior Court for the District of Columbia.  Consistent with the requirements of 28 U.S.C. § 1446(a), Defendant attaches "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as Exhibit 1.

2. The Complaint, as filed by Plaintiff, consists of a pre-printed form Complaint, signed by Plaintiff and demanding judgment against Defendant in the amount of $200,000.  It contains no substantive allegations.  Attached to the Complaint are several documents, including: (a) a three-page document entitled "Patient Visit Information"; (b) a two-page District of

Columbia Office of Human Rights intake questionnaire entitled "OHR Questionnaire-Public Accommodation"; (c) a one-page handwritten note from Plaintiff to the D.C. Office of Human Rights; (d) a one-page letter from Defendant to Plaintiff regarding her "patient experience" at Providence Health System on July 26, 2017; and (e) a two-page document from the D.C. Office of Human Rights administratively dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted.  *See* Exhibit 1.

3. Viewing the Complaint and the above-described attached documents as a whole, Plaintiff appears to assert two causes of action:

   a. Public accommodation discrimination in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*  *See* "OHR Questionnaire-Public Accommodation," attached at Exhibit 1 ("Taking away my ADA rights is like trying to breathe without oxygen . . . . Please note, I do not take this matter lightly and I'm persuing [sic] monetary compensation for violation of my ADA rights.").

   b. Public accommodation discrimination in violation of the D.C. Human Rights Act of 1977, D. C. Code § 2-1401.01, *et seq.*  *See id.*

4. Since the ADA is a federal statute codified in the United States Code, at least one of Plaintiff's claims arises under the laws of the United States.

5. Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." This Court has supplemental jurisdiction over Plaintiff's claim under District of Columbia law because it appears from her initial filing that her claims for public accommodation discrimination under state law and federal law arise from the same set of alleged facts.

8. Because this Court has original jurisdiction over Plaintiff's ADA claim and supplemental jurisdiction over her D.C. Human Rights Act claim, removal to this Court from the Superior Court for the District of Columbia is appropriate. *See* 28 U.S.C. §§ 1331, 1367, and 1441.

9. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

10. The Deputy Clerk of the D.C. Superior Court apparently mailed the documents attached at Exhibit 1, including the Summons and Complaint, to Defendant on January 16, 2018. *See* "Notice," attached at Exhibit 1.

11. Upon information and belief, the documents attached at Exhibit 1 were not received by Defendant until, at the earliest, January 18, 2017.[1]  The thirtieth day after January 18, 2018 was Saturday, February 17, 2018.  Federal Rule of Civil Procedure 6(a)(1)(C) provides that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  This removal is being filed on Tuesday, January 20, 2018, the first day following February 17, 2018 that is not a Saturday, Sunday, or a legal holiday.

11. Defendant will also file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).  Promptly upon this filing, Defendants will give written notice of the removal of this action to Plaintiff by serving her as further required by 28 U.S.C. § 1446(d).

Based on the foregoing, Defendants respectfully request that this action be removed to the United States District Court for the District of Columbia.

Dated: February 20, 2018                                Respectfully submitted,

*/s/ Teresa Burke Wright*
Teresa Burke Wright (D.C. Bar No. 429196)
**JACKSON LEWIS, P.C.**
10701 Parkridge Blvd., Suite 300
Reston, Virginia  20191
(703) 483-8300 (Telephone)
(703) 483-8301 (Fax)
WrightT@jacksonlewis.com
***Counsel for Defendant***

---

[1] Defendant will continue to review this issue and will provide supplemental information as it is discovered.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 20, 2018, a true and correct copy of the foregoing was filed by using the Court's electronic filing system and was served by U.S. mail, postage prepaid, upon the following:

>Hope Lee-Thomas
>4412 Dubois Place, SE
>Washington, D.C. 20019
>
>*Plaintiff Pro Se*

>   */s/ Teresa Burke Wright*